IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NORTHWESTERN CORPORATION, <br><br> Reorganized Debtor. | Chapter 11 <br><br> Case No. 03-12872 (KJC) <br><br> Re: D.I. 3575 |
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, <br><br> Appellants/Movants, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Appellee/Respondent. | Appeal No. 07-_____ |

### DECLARATION OF DAVID W. CARICKHOFF IN SUPPORT OF EMERGENCY MOTION OF MAGTEN ASSET MANAGEMENT CORPORATION AND LAW DEBENTURE TRUST COMPANY OF NEW YORK FOR STAY PENDING APPEAL AND FOR EXPEDITED APPEAL

David W. Carickhoff hereby declares:

1.  I am an attorney associated with the firm of Blank Rome LLP, co-counsel for Magten Asset Management Corporation ("Magten"). As such I am familiar with the chapter 11 bankruptcy case of NorthWestern Corporation ("NorthWestern") and the on-going litigation by and among Magten and Law Debenture Trust Company of New York (together with Magten, the "Claimants"), on the one hand, and NorthWestern, on the other hand, regarding various issues. I make this declaration in support of the Emergency Motion of Magten Asset Management

Corporation and Law Debenture Trust Company of New York for Stay Pending Appeal and for Expedited Appeal (the "Emergency Motion").[1]

2. On February 12, 2007, Claimants filed a Notice of Appeal (the "Notice of Appeal") from the Order In Aid of Execution of Plan Directing Transfer Agent to Invest Proceeds Received from Stock Tender Upon Consummation of Merger in Accordance with 11 U.S.C. § 345 (the "Cash-Out Order"), which was entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on February 2, 2007 [Bankr. Case 03-12872, Dkt. No. 3575].

3. In anticipation of the Notice of Appeal, on February 9, 2007, in accordance with Bankruptcy Rule 8005, Claimants filed the Emergency Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York for a Stay Pending Appeal of Order In Aid of Execution of Plan of Reorganization (the "Stay Pending Appeal Motion") [Bankr. Case 03-12872, Dkt. No. 3581] with the Bankruptcy Court, seeking a stay pending appeal of the Cash-Out Order. On the same date, Claimants also filed a motion with the Bankruptcy Court to shorten notice of and schedule an expedited hearing on the Stay Pending Appeal Motion ("Motion to Shorten Notice") [Bankr. Case 03-12872, Dkt. No. 3582].

4. On February 12, 2007, the Bankruptcy Court ruled on the Motion to Shorten Notice and entered an order scheduling an expedited hearing on the Stay Pending Appeal Motion for February 20, 2007 [Bankr. Case 03-12872, Dkt. No. 3586].

5. On February 20, 2007, after a hearing on the Stay Pending Appeal Motion, the Bankruptcy Court denied the Stay Pending Appeal Motion.

6. Accordingly, in accordance with Bankruptcy Rule 8005, Claimants filed the Emergency Motion with this Court. The Emergency Motion, seeks, among other things, (a) a stay of the Cash-Out Order pending resolution of Claimants' appeal of the Cash-Out Order; ("Request for Stay Pending Appeal") and (b) expedited appeal of the Cash-Out Order; including

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Emergency Motion.

a waiver of this Court's Standing Order directing an appeal of a Bankruptcy Court order to this Court to mandatory mediation in the first instance.

7. For the reasons set forth more fully below and in the Emergency Motion and brief in support, it is essential that the Request for Stay Pending Appeal be heard in early March, 2007, at the Court's earliest convenience.

8. Currently, NorthWestern is moving forward with a proposed merger agreement (the "Merger Agreement") that provides for the acquisition of NorthWestern's outstanding and issued common stock by Babcock & Brown Infrastructure Limited ("Babcok & Brown"), an Australian public company, through a cash-out merger under Delaware law (the "BBI Transaction"). Consummation of the BBI Transaction requires certain regulatory approvals, which NorthWestern is actively seeking. Upon information and belief, the last remaining regulatory agency to consider approval of the Merger Agreement is beginning its approval hearings on March 14, 2007.

9. Unless a stay of the Cash-Out Order is granted, Claimants face a substantial risk that once the BBI Transaction is approved by the remaining regulatory authority, and the shares in the Disputed Claims Reserve are surrendered and converted to cash, they will be without any recourse, as any subsequent appeal of the Cash-Out Order will be rendered moot. As such, expedited consideration of the Request for Stay Pending Appeal is warranted to allow Claimants an opportunity to preserve the status quo pending appeal of the Cash-Out Order.

10. Magten and Law Debenture, as indenture trustee for the QUIPS, are the only parties with disputed claims that are entitled to the shares in the Disputed Claims Reserve. If the BBI Transaction is consummated during the pendency of their appeal, Claimants will be irreparably deprived of their right under the Bankruptcy Code to receive the same treatment as other similarly situated creditors. Other claimants with allowed claims in the same class as Magten and Law Debenture have already received their pro rata shares of New Common Stock. However, if the stay is not granted and the merger is consummated, Magten and Law Debenture will be forced to receive a treatment different than that provided under the Plan without any

appellate review. Thus, expedited consideration of the Request for Stay Pending Appeal is necessary to allow Claimants an opportunity to preserve the status quo pending appeal of the Cash-Out Order to provide for meaningful appellate review.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 23, 2007
Wilmington, DE

_____
David W. Carickhoff

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2007, I served by email and hand delivery the **DECLARATION OF DALE R. DUBÉ** to the following:

Victoria Watson Counihan, Esquire
Dennis A. Meloro, Esquire
GREENBERG TRAURIG LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Kathleen M. Miller, Esquire
SMITH KATZENSTEIN &
  FURLOW LLP
800 Delaware Avenue
P. O. Box 410
Wilmington, DE 19899

Neil B. Glassman, Esquire
Charlene D. Davis, Esquire
Eric M. Sutty, Esquire
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

I also certify that, on this 23rd day of February, 2007, I served the aforementioned document, by e-mail and Federal Express, upon the following participants:

John V. Snellings, Esquire
Amanda D. Darwin, Esquire
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110-2131

Alan W. Kornberg, Esquire
Margaret A. Phillips, Esquire
Ephraim I. Diamond, Esquire
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

Steven J. Reisman, Esquire
Joseph D. Pizzurro, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061

Jesse H. Austin, Esq.
PAUL, HASTINGS, JANOFSKY &
  WALKER, LLP
600 Peachtree Street, N.E.
Atlanta, GA 30308

_____
Dale R. Dubé (I.D. No. 2863)

120087.01600/40167386v.1