IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No. 03-12872 (KJC) |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| _____ | ) | |
| MAGTEN ASSET MANAGEMENT CORPORATION and LAW DEBENTURE TRUST COMPANY OF NEW YORK, | ) ) ) ) | Appeal No. 07-00114-JJF |
| Appellants/Movants, | ) | |
| v. | ) | |
| NORTHWESTERN CORPORATION, | ) | |
| Appellee/Respondant. | ) | |

**JOINDER OF THE PLAN COMMITTEE IN SUPPORT
OF NORTHWESTERN CORPORATION'S OPPOSITION
TO EMERGENCY MOTION OF MAGTEN ASSET MANAGEMENT
CORPORATION AND LAW DEBENTURE TRUST COMPANY FOR
(I) A STAY PENDING APPEAL OF ORDER IN AID OF EXECUTION
OF PLAN OF REORGANIZATION AND (II) EXPEDITED APPEAL**

The Plan Committee (the "Committee") appointed in the above-captioned chapter 11 case of NorthWestern Corporation ("NorthWestern" or the "Reorganized Debtor") pursuant to Section 7.9 of NorthWestern's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), by and through its undersigned counsel, hereby joins in NorthWestern's opposition dated March 6, 2007 ("Objection")[1] to the relief requested by the Emergency Motion of Magten Asset Management Corporation and Law

---

[1] Capitalized terms not defined herein shall have the same meaning as defined in the Objection.

653814v1

Debenture Trust Company of New York for a Stay Pending Appeal of Order in Aid of Execution of the Plan and (II) Expedited Appeal ("Stay Motion").[2]

The Committee is charged with protecting the interests of NorthWestern's unsecured creditors during the final stages of this case. The primary purpose of the Committee is to oversee the "[C]laims reconciliation and settlement process." Plan at § 7.9. One of its key interests is to ensure that all unsecured creditors receive their rightful recoveries under the Plan.

The Committee supports and joins in NorthWestern's arguments set forth in the Objection that Appellants have failed to satisfy the standards to stay an order pending an appeal as required by Rule 8005 of Fed. R. Bankr. P. and Rule 62 of the Fed. R. of Civ. P., including the posting of a bond. Accordingly, the Committee requests the Court deny the relief requested in the Stay Motion for all of the reasons stated herein and in the Objection.

By filing the Stay Motion, Appellants are once again attempting to undermine implementation of the Plan to create undue leverage against NorthWestern and other parties in interest to force a settlement of Appellants' highly disputed unsecured claims. Appellants' motives are made clear by the fact that they seek to derail the BBI Merger, and further deny recovery to unsecured creditors as required by Section 7.7 of the Plan, despite the fact that the Order from which Appellants appeal did not authorize or approve the BBI Merger nor did the Order authorize or approve the "cash out" of the New Common Stock currently held in the Disputed Claims Reserve. However, Appellants' attempts to stay the BBI Merger, and thus, force an unreasonable settlement of their Disputed Claims, should be denied because Appellants have wholly failed to satisfy the standards necessary to stay the relief granted by

___

[2] Docket No. 8.

the Order pending their appeal, and much less a stay of the BBI Merger which was neither authorized by nor the subject of the Order.

Accordingly, the Committee respectfully requests that the Court grant the relief requested by NorthWestern's Objection and deny the Stay Motion in its entirety. In support of this Joinder, the Committee further represents as follows:

### Argument

1. The Stay Motion should be denied because Appellants are not actually seeking a stay of the Order from which they appeal. Instead Appellants seek a stay of the BBI Merger. However, as NorthWestern correctly points out, neither the Bankruptcy Court, nor this Court is the appropriate forum in which to seek an injunction of the BBI Merger, and the Order from which Appellants appeal had nothing to do with approving the BBI Merger itself. Rather, the Order authorized LaSalle, the trustee of the Disputed Claims Reserve, to invest cash proceeds it receives from the BBI Merger with respect to the shares held in the Disputed Claims Reserve in accordance with 11 U.S.C. § 345, and relieved LaSalle from any requirement it might otherwise have to post any bond in connection with its investment of the funds invested in the interest-bearing accounts.

2. Aside from the issue of whether Appellants' request for a stay of the BBI Merger is improper, Appellants are unable to satisfy their substantial burden for any stay relief, including a stay of the Order.

3. In particular, Appellants have failed to demonstrate that they will suffer any harm, much less irreparable harm, absent a grant of the relief requested by the Stay Motion because they simply have not established, and cannot establish, that the stock is more valuable than the cash which shareholders will receive upon the consummation of the BBI Merger.

4. On the other hand, a stay of the BBI Merger will substantially injure NorthWestern along with other parties in interest, including its creditors.

5. Section 7.7 of the Plan requires that after the Effective Date, NorthWestern must make subsequent distributions of New Common Stock every six months to holders of Allowed Class 7 and Class 9 Claims from Surplus Distributions held in the Disputed Claims Reserve on a pro rata basis. Surplus Distributions as defined by the Plan includes stock "plus any interest, dividends or other Distributions earned thereon."[3] In addition, the Plan expressly limits NorthWestern's residual interest in the funds in the Disputed Claims Reserve to an amount "less than $25,000."[4]

6. Appellants hold the sole remaining disputed claims that would, if allowed in whole or part, be entitled to recover from the Disputed Claims Reserve. As decided recently by this Court on March 6, 2007, the Plan expressly compels NorthWestern to distribute Surplus Distributions to the constituents of the Plan Committee in accordance with the express terms of Section 7.7 *regardless* of whether Appellants' Disputed Claims are resolved.[5] In addition, the Plan expressly compels NorthWestern to distribute the remaining funds to the constituents of the Plan Committee, after making Surplus Distributions and payment of Appellants' allowed claims, if any. Assuming, arguendo, a distribution to Appellants for the

---

[3] Section 7.7 of the Plan provides "the following assets shall constitute Surplus Distributions... to the extent that a Disputed Claim is not Allowed or becomes an Allowed Claim in an amount less than the Disputed Claim Amount, any excess of the amount of Cash or New Common Stock in the Disputed Claims Reserve attributable to such Disputed Claim over the amount of Cash or New Common Stock actually distributed on account of such Disputed Claim plus any interest, dividends or other Distributions earned thereon." Plan at § 7.7.

[4] Section 7.7 of the Plan provides that "if the Final Distribution under [the] Plan is less than $25,000 in aggregate market value in any Class such Surplus Distributions shall revest in the Reorganized Debtor." ." Plan at § 7.7.

[5] See Docket Nos. 21 and 22 in Civil Action No. 06-157-JJF and Docket Nos. 12 and 13 in Civil Action No. 06-158-JJF. By this Court's March 7 decision, "[t]he Plan requires distributions of such surpluses every six months and does not specifically provide that all Disputed Claims must be resolved before any Surplus Distributions can be made. The Court concludes that the Plan language is clear and unambiguous and that Surplus Distributions are mandated without regard to the status of any other Disputed Claims, including the QUIPS claims." See Memorandum Opinion of District Court at p. 5 [Civ. Action 06-157, Docket No. 21].

full amount of Appellants' disputed claims (to which they are not entitled), creditors would be entitled to receive a supplemental distribution of *at least* 1.344 million shares which is valued at approximately $49.7 million in accordance with the Plan based on the "cash-out" price of the BBI Merger of $37 per share. Thus, despite Appellants' contentions, creditors will suffer significant harm as a result of either a stay of the BBI Merger or the Order because of their immediate interest in the substantial funds held in the Disputed Claims Reserve and the interest that such funds may accrue.

7. For the reasons detailed above and in NorthWestern's Objection, Appellants have failed to satisfy their substantial burden for injunctive relief pursuant to Bankruptcy Rule 8005. Accordingly, this Court should deny Appellants' request for stay relief in its entirety.

8. In the event this Court grants Appellants' stay request, Appellants should be required to post a bond. As set forth in the Objection and herein, NorthWestern, its creditors and other parties in interest would suffer substantial harm in the event the Court granted Appellants' Stay Motion. Thus, the Court should deny Appellants' request for a stay of the Order, or the BBI Merger, absent their posting of a bond in an amount sufficient to secure against the harm to the Debtor and its creditors of at least $250 million as set forth in NorthWestern's Objection.

9. Lastly, the Plan Committee agrees that an expedited appeal of the Order is not warranted under the circumstances.

For the foregoing reasons, the Committee requests that this Court deny the relief requested by the Stay Motion in its entirety and grant such other and further relief as this Court deems just and appropriate.

Dated: March 8, 2007

THE BAYARD FIRM

*/s/ Eric M. Sutty*
Neil B. Glassman (No. 2087)
Charlene Davis (No. 2336)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, Delaware 19899

-and-

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
Alan W. Kornberg
Kelley A. Cornish
Margaret A. Phillips
1285 Avenue of the Americas
New York, New York 10019
Telephone No. (212) 373-3000
Facsimile No. (212) 757-3990

Attorneys for the Plan Committee

## CERTIFICATE OF SERVICE

I, Eric M. Sutty, do hereby certify that on this 8th day of March, 2007, I caused a true and correct copy of the attached **Joinder of The Plan Committee in Support of Northwestern Corporation's Opposition to Emergency Motion of Magten Asset Management Corporation and Law Debenture Trust Company of New York for (I) a Stay Pending Appeal of Order in Aid of Execution of Plan of Reorganization and (II) Expedited Appeal** to be served upon the parties listed below via hand delivery and electronic mail to local parties and via U.S. First Class mail and electronic mail to all remaining parties.

Victoria W. Counihan, Esquire
Dennis A. Meloro, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801
counihanv@gtlaw.com
melorod@gtlaw.com

Bonnie Fatell, Esquire
Dale Dube, Esquire
David Carickhoff, Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Fatell@BlankRome.com
Dube@BlankRome.com
Carickhoff@BlankRome.com

Kathleen M. Miller, Esquire
Smith, Katzenstein & Furlow
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899
kmiller@skfdelaware.com

Mark Kenney, Esquire
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801
mark.kenney@usdoj.gov

Joseph D. Pizzurro, Esquire
Steven J. Reisman, Esquire
Nancy E. Delaney, Esquire
Miriam K. Harwood, Esquire
Curtis, Mallet-Prevost,
   Colt & Mosle LLP
101 Park Avenue
New York, NY 10178
jpizzurro@cm-p.com
sreisman@cm-p.com
ndelaney@cm-p.com
mharwood@cm-p.com

Jess Austin, Esquire
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. Suite 2400
Atlanta, GA 30308
jessaustin@paulhastings.com

594077v1

Bonnie Steingart, Esquire
Gary L. Kaplan, Esquire
John W. Brewer, Esquire
Jordanna L. Nadritch, Esquire
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY  10064
steinbo@friedfrank.com
kaplaga@friedfrank.com
brewejo@friedfrank.com
nadrijo@ffhsj.com

Amanda Darwin, Esquire
John V. Snellings, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110
adarwin@nixonpeabody.com
jsnellings@nixonpeabody.com

Alan W. Kornberg, Esquire
Kelley A. Cornish, Esquire
Margaret A. Phillips, Esquire
Ephraim I. Diamond, Esquire
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019
akornberg@paulweiss.com
kcornish@paulweiss.com
mphillips@paulweiss.com
ediamond@paulweiss.com

Eric M. Sutty (No. 4027)

594077v1