IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Reorganized Debtor. | : | Case No. 03-12872 (KJC) |
| | : | |
| MAGTEN ASSET MANAGEMENT CORP. and LAW DEBENTURE TRUST COMPANY OF NEW YORK, | : : : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 07-114-JJF |
| | : | |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Appellee. | : | |

### MEMORANDUM ORDER

Pending before the Court is the Emergency Motion Of Magten Asset Management Corporation And Law Debenture Trust Company Of New York For (I) A Stay Pending Appeal Of Order In Aid Of Execution Of Plan Of Reorganization And (II) Expedited Appeal (D.I. 2). By their Motion, Appellants, Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company Of New York ("Law Debenture"), request the Court to issue a stay delaying NorthWestern Corporation from consummating a Merger Agreement with Babcock and Brown Infrastructure Limited ("BBI") pending Appellants' appeal of the February 1, 2007 Order (the "Order") of the Bankruptcy Court captioned "Order In Aid Of Execution Of Plan Directing Transfer Agent To Invest Proceeds Received From Stock Tender Upon Consummation Of Merger In

Accordance With 11 U.S.C. § 345."

The Bankruptcy Court's Order authorizes LaSalle Bank, N.A., the transfer agent holding shares of new common stock in the Disputed Claims Reserve, to invest the cash proceeds it receives from BBI in connection with the merger into interest bearing money market accounts in accordance with 11 U.S.C. § 345. The Order further provides that any proceeds and interest earned from the investment shall be distributed in accordance with the Plan, and the transfer agent is relieved of any requirement that it post bond in conjunction with the investment of the proceeds, as it might otherwise be required to do under Section 345 of the Bankruptcy Code.

Appellants contend that the Bankruptcy Court's Order impermissibly amends NorthWestern's substantially consummated Chapter 11 Plan, because the Plan does not provide or allow for cash to be substituted for shares in the Disputed Claims Reserve. Appellants contend that they will be irreparably harmed if a stay of the merger is not granted pending this appeal, because NorthWestern is actively seeking regulatory approval for the merger which will result in the cash-out of the stock and the mooting of any appeal of the Bankruptcy Court's Order authorizing the cash-out. Appellants also contend that since they are the only parties with disputed claims having an entitlement to the shares in the Disputed Claims Reserve, they will not be treated

the same as other creditors who have already received pro rata shares of NorthWestern's new common stock.

NorthWestern opposes a stay and any expedited treatment of this appeal. NorthWestern contends that its Aid of Execution Motion did not request Bankruptcy Court approval for the merger and did not seek approval to tender and convert shares in the Disputed Claims Reserve. Rather, the Aid of Execution Motion was only directed to the transfer agent's authority to invest the cash proceeds of the merger after the conversion of the shares. Thus, NorthWestern contends that the Court lacks jurisdiction to enjoin the merger through this appeal.

NorthWestern also contends that Appellants' application for an emergency stay is barred by laches, because they were aware of the merger ten months ago but took no action, thereby creating the need for "emergency relief." NorthWestern contends that Appellants have not demonstrated a likelihood of success on the merits of the appeal and the balance of harm weighs in favor of NorthWestern because a stay would impair the successful completion of its reorganization through the merger. In this regard, NorthWestern points out that if the merger cannot close by April 26, 2007, the Merger Agreement may become subject to termination. NorthWestern also contends that the shareholders of both NorthWestern and BBI will be harmed because the market price of NorthWestern's stock would likely decline and BBI's investment

of time and resources would be jeopardized. According to NorthWestern, Appellants' true motivation behind this appeal is to threaten high damage to NorthWestern in order to maximize their leverage to facilitate a settlement of their Disputed Claims.

Pursuant to Federal Bankruptcy Rule 8005 and case law interpreting the rule, this Court may stay an order of the Bankruptcy Court if the party moving for the stay demonstrates 1) a strong likelihood of success on the merits of the appeal; 2) that the movant will suffer irreparable harm if the stay is denied; 3) substantial harm will not be suffered to non-moving parties if the stay is granted; and 4) the stay will not harm the public interest. In re Polaroid Corporation, 2004 WL 253477, *1 (D. Del. Feb. 9, 2004). No single factor is dispositive, and the Court must balance these factors in light of each particular case.

In the circumstances of this case, the Court concludes that Appellants have not demonstrated that a stay of the merger between NorthWestern and BBI is warranted. As a threshold matter, this Court's jurisdiction to enjoin the merger through this appeal is questionable because the Order being appealed did not authorize the merger.[1] However, even if the Court has

---

[1] In denying the stay motion before it, the Bankruptcy Court acknowledged that Appellants were moving beyond the confines of the Bankruptcy Court's Order stating:

jurisdiction to enjoin the merger through a stay of the Bankruptcy Court's Order pending appeal, the Court concludes that Appellants have not demonstrated that the relevant factors weigh in favor of a stay. Appellants have not demonstrated a strong likelihood of success on the merits of their appeal, and Appellants have not demonstrated that they will suffer irreparable harm if a stay is not granted. Appellants contend that they will be harmed, because their appeal of the Bankruptcy Court's Order may become moot if the merger moves forward. However, the mootness of Appellants' appeal is not, in and of itself, sufficient to constitute irreparable harm. In re Global Home Prods., LLC, 2006 WL 2381918 (D. Del. Aug. 17, 2006).

Further, Appellants have not demonstrated that their right to obtain recovery on their claims will be impaired absent a stay. Indeed, Appellants have repeatedly expressed a willingness to accept cash in lieu of NorthWestern new common stock in satisfaction of their Disputed Claims and have not demonstrated that the value they would receive for any Allowed Claims would be different from the value that similarly situated creditors have

---

> The fact that the Movants now are asking for in essence a stay of the merger tells me that [NorthWestern] here [is] right when [it] argue[s] that what's being requested is something far beyond a stay of the order that I entered.

(D.I. 9, Pizzurro Aff., Ex. L, Transcript, 2/20/07 at 43).

received.  (D.I. 9, Pizzurro Aff., Ex. A at 10; Ex. B at 17; Ex. C at 17; Ex. D at 2.)

Moreover, the Court is persuaded that the harm resulting to NorthWestern, its shareholders and the other Allowed Claim holders outweighs any harm to Appellants.  The Allowed Claim holders are entitled to Surplus Distributions from the Plan and the Bankruptcy Court's decision in connection with the Aid of Execution Motion provides the Allowed Claim holders with the opportunity to earn interest on the Surplus Distributions.  In addition, the shareholders of NorthWestern approved this merger months ago and will likely suffer a devaluation of their stock if the merger is not allowed.

Lastly, the Court concludes that a stay of the merger between BBI and NorthWestern is not in the public interest, because it conflicts with the purposes and goals of reorganization.  A reorganized debtor may engage in business activities without the oversight of the Bankruptcy Court.  See e.g., Pettibone Corp. v. Easely, 935 F.2d 120, 122 (7th Cir. 1991).  NorthWestern is now a Reorganized Debtor trying to complete the reorganization process and finish making distributions to its creditors.  The public interest lies in having NorthWestern emerge from bankruptcy as quickly as possible, and in the Court's view, the merger between NorthWestern and BBI is another step that facilitates that goal.

In sum, the Court is persuaded that the balance of the relevant factors weighs against a stay of the merger between NorthWestern and BBI pending resolution of Appellants' appeal of the Bankruptcy Court's Order. In these circumstances, the Court also concludes that expedited briefing of this appeal is not warranted.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Emergency Motion Of Magten Asset Management Corporation And Law Debenture Trust Company Of New York For (I) A Stay Pending Appeal Of Order In Aid Of Execution Of Plan Of Reorganization And (II) Expedited Appeal (D.I. 2) is **DENIED**.

2. The parties shall adhere to the following briefing schedule unless an otherwise agreed upon schedule is filed within **fifteen (15) days** of the date of this Order:

    a. Appellant's Opening Brief on appeal shall be filed within **fifteen (15) days** of the date of this Order.

    b. The Answering Brief on appeal shall be filed within **fifteen (15) days** of receipt of the Opening Brief.

    c. The Reply Brief on appeal shall be filed within **ten (10) days** of receipt of the Answering Brief.

March 9, 2007
DATE

UNITED STATES DISTRICT JUDGE